**CHUN RONG YANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–5735–ag.

United States Court of Appeals, Second Circuit.

March 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Chun Rong Yang, pro se.

Michael J. Garcia, United States Attorney for the Southern District of New York; Jeannette A. Vargas, Assistant United States Attorney; Sarah S. Normand, Assistant United States Attorney, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Rong Yang, a native and citizen of the People's Republic of China, seeks review of a September 30, 2005 order of the BIA denying her motion to reopen her deportation proceedings. *In re Chun Rong Yang*, No. A 73 676 673 (B.I.A. Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Yang's untimely motion to reopening after finding that she failed to demonstrate that changed country conditions qualify her for an exception to the time limitation for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). It is well-established that the birth of children in the United States constitutes a change in personal circumstances rather than a change country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of the petitioner's two children in this country was evidence of changed personal circumstances, rather than of changed conditions in China); *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003) (same).

Yang's further argument that this Court's holding in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), and the evidence at issue in that case, support a finding of changed country conditions in China is unavailing. The BIA has since assessed the *Shou Yung Guo* documents and determined that such evidence did not demonstrate that Chinese nationals would be persecuted for having two U.S.–born children. *Matter of S–Y–G–*, 24 I. & N. Dec. 247, 258–59 (BIA 2007) appeal docketed No. 07–3415 (2d Cir. Aug 9, 2007). Moreover, this Court will not remand a case to the agency with an instruction to consider evidence that was not in the record at the administrative level. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 261 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The outstanding motion to proceed *in forma pauperis* is GRANTED. As we have completed our review, Yang's pending motion for a stay of removal in this petition is DISMISSED as moot.